IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KDC, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-1105-L** |
| | § | |
| **JINX! AGENCY, LLC and** | § | |
| **WILLIAM PEAKE, IV,** | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 7), filed June 1, 2020. After careful consideration of the motion, briefs, appendices, record, and applicable authority, the court **grants** Plaintiff's Motion to Remand.

### I.      Procedural and Factual Background

Plaintiff KDC, LLC ("Plaintiff" or "KDC") originally filed this action against Jinx! Agency, LLC ("Jinx!") and William Peake, IV ("Mr. Peake") (collectively, "Defendants") on April 6, 2020, in the County Court at Law No. 3 of Dallas County, Texas. KDC alleged claims for: (1) fraudulent inducement and fraud, (2) negligent misrepresentation, and (3) breach of contract. KDC seeks actual damages on each of its claims, and it also seeks exemplary damages on its claim for fraud and fraudulent inducement. Further, KDC seeks attorney's fees, prejudgment and postjudgment interest, and costs of court for filing this action.

On May 1, 2020, Defendants removed this action to federal court on the bases that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. KDC contends that this action should be remanded to state court because there is an identical, valid forum selection clause in the two contracts and two proposals

**Memorandum Opinion and Order – Page 1**

between the parties and that Defendants are bound by the provisions of the contracts and proposals. Defendants disagree and contend that the case should not be remanded because: (1) diversity jurisdiction exists; (2) KDC waived application of the "venue-selection" clause because it filed its lawsuit in County Court of Law No. 3 of Dallas County instead of a District Court of Dallas County; and (3) venue selection clauses are unenforceable under Texas law.

This action has its origin in two contracts and two proposals agreed to by KDC and Jinx! All of the contracts and proposals contain the following language:

> The parties irrevocably (i) consent and submit to the exclusive jurisdiction of the Dallas County District Courts, State of Texas, (ii) waive any defense based on doctrines of venue or forum non convenes[sic], or similar rules or doctrines, and (iii) agree that all claims in respect of such a proceeding must be heard and determined exclusively in the Dallas County District Courts, State of Texas.

Pl.'s Mot. to Remand 2 (citing Pl.'s App. 9, 15, 21, 31).

Mr. Peake is the sole member and manager of Jinx!, which means that he owns Jinx! Mr. Peake formed Jinx! in December 2018 along with Timothy Vonderloh. According to Mr. Peake, he signed the contracts and proposals as the corporate representative of Jinx! and that all of the work he performed on behalf of Jinx! was in his capacity as corporate representative and not in his personal or individual capacity. For this reason, he and Jinx! assert that he is not a party in his personal or individual capacity to any contract or proposal with KDC. *See* Declaration of William Peake, IV 1-3. The bottom line is that Mr. Peake contends that he is not bound by any of the contracts or proposals between KDC and Jinx! and, therefore, he had the right to remove this action to federal court. The court disagrees.

**Memorandum Opinion and Order – Page 2**

**II.     Analysis**

                **A.     Whether the Contracts and Proposals Bind Mr. Peake**

The first issue that the court must decide is whether Mr. Peake is bound by the contracts and proposals that he signed. He contends that he is *personally* not a signatory to any of the contracts or proposals because he only signed them in an official capacity as the corporate representative of Jinx!

In *Hellenic Investment Fund v. Det Norske Veritas ("DNV")*, 464 F.3d 514, 515, (5th Cir. 2006), the appellate court affirmed the district court's decision to enforce a forum selection clause. The Fifth Circuit held that "an estoppel theory, specifically direct-benefit estoppel, [was] sufficient to bind *Hellenic* to the forum selection clause in the DNV-Inlet contract." *Id*. at 517.

As explained by the court, "Direct-benefit estoppel involve[s] non-signatories, who during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the arbitration clause in the contract." *Id*. (internal quotation marks and citation omitted). Although *Hellenic* references an arbitration clause in a contract, direct-benefit estoppel is not restricted to arbitration matters, as *Hellenic* did not involve language in an arbitration clause, and the court specifically bound a non-signatory to a contract's forum selection clause under this doctrine. *See id*. at 520.

In this action, the court has no pause in concluding that Mr. Peake directly received substantial benefits from the contracts and proposals. He is the only member (owner) and sole manager of Jinx! KDC hired Jinx! for several projects, and Mr. Peake was involved in all of them. From what the court can ascertain based on his Declaration, Mr. Peake was involved in the discussions and negotiations of the contracts and proposals. Jinx! is *his* business entity. He received financial benefits, as KDC hired Jinx! to provide certain services for it, and Jinx! was to

be compensated as reflected in the contracts and proposals. As the sole member (owner) and manager of Jinx!, logic and common sense tell this court Mr. Peake has directly benefited from the contracts and proposals in question, and his argument that he was only acting as the corporate representative strains credulity. Now that he has been sued, he wants to repudiate the forum selection clause to gain an advantage in litigation. He simply cannot have it both ways—accept the terms and conditions of the contracts and proposals on the one hand, and then on the other hand reject them when those terms do not work to his advantage during litigation. Accordingly, even if he is a non-signatory, the court concludes that he is bound by the contractual provisions that he now seeks to repudiate and evade by removing the case to federal court. Simply stated, there is no meaningful distinction between Mr. Peake and Jinx! because he totally controls and owns Jinx!

The court will not allow Mr. Peake to use legal legerdemain or prestidigitation to avoid the terms of the contracts and proposals. The court holds that he is bound by the contracts and proposals entered into between KDC and Jinx!, even though Mr. Peake purports to be a non-signatory. Accordingly, he waived his right to remove to federal court, as did Jinx!, by the plain and unequivocal language in the contracts and proposals.

### B.    Waiver

A party to a contract may waive his right to remove an action to federal court. *Waters v. Brown-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). Specifically, "[a] party may waive [his] rights by explicitly stating that [he] is doing so, by allowing the other party to choose venue, or by establishing an exclusive venue within the contract." *City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004). *See also Grandview PV Solar v. Helix Elec. Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) (citation omitted). The parties clearly intended for this action to be heard in the District Courts in Dallas, County Texas.

**Memorandum Opinion and Order – Page 4**

The court finds the case *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396 (5th Cir. 2003), to be informative and dispositive. In *Dixon*, the portion of the contract in dispute read as follows: "The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise." *Id.* at 397. In upholding the district court's decision to remand the action to state court, the Fifth Circuit succinctly and aptly stated:

> Federal district courts may be *in* Texas, but they are not *of* Texas. *Black's Law Dictionary* defines "of" as "denoting that from which anything proceeds; indicating origin, source, descent." Federal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions. By agreeing to litigate all relevant disputes solely in "the Courts of Texas," TSE waived its right to removal.

*Id.* at 398 (emphasis in original and footnote omitted).

In this case, the parties have agreed to have the matter decided in a state district court in Dallas County, Texas, by virtue of the language in the contracts and proposals. As *Dixon* makes unequivocally clear, federal courts are not courts of Texas. The United States District Court for the Northern District of Texas is a creature of the federal government and comprises 100 Texas counties. *See* 28 U.S.C. § 124(a)(1)-(7). If a federal court is not "*of*" Texas, it necessarily follows that such a court cannot be "*of*" any city, county, or other unit of government of the State of Texas. Accordingly, the subject language of the contracts and proposals cannot reasonably be read to include both state and federal courts. The United States District Court for the Northern District of Texas in Dallas is not a court of Texas, or any smaller unit of government of Texas, because it does not belong to Texas; it is a federal court of the United States that happens to be located in a particular city and county of Texas. As this court is not a court of Dallas, Texas, the only place that this action can be heard, consistent with language in the forum selection clause, is "the Dallas County District Courts, State of Texas," as set forth in the forum selection clause. There is no

ambiguity in the language of the forum selection clause, as the language is plain and not subject to more than one reasonable interpretation. Both Defendants have waived unequivocally the right to remove this action to federal court. Moreover, Defendants have not set forth how they will be legally prejudiced if the case is heard in a court to which they bargained for and agreed.

### C.      Steps to Correct a Case Filed in the Wrong Venue or Court

The argument that Plaintiff waived its right to a district court in Dallas County, Texas, by filing in a county court at law is without merit. This error does not transform into a right not contemplated by the parties in light of the clear and express language in the forum selection clause. This is so because the action was *never* to be in federal court per the terms of the forum selection clause.

"[A] county court at law in Dallas County has concurrent jurisdiction with the district court in civil cases regardless of the amount in controversy." Tex. Gov't Code Ann. § 25.092 (West 2019). Moreover, a "judge of a statutory county court may transfer a case to the docket of the district court," provided the district court judge consents to the transfer.* Tex. Gov't Code Ann. § 74.121(b)(1) (West 2013). KDC made a mistake in filing in County Court at Law No. 3, and the parties should have reached an agreement to transfer it to a district court in Dallas County, Texas. In no event, did the mistake in filing grant Defendants a new right to remove to federal court, as it was never contemplated by the parties.

There is no question diversity jurisdiction exists in this case; however, that is quite beside the point, as Defendants waived their right to be in court pursuant to a valid forum selection clause. A forum selection clause should be enforced unless it is clearly shown by the resisting party that

---

* KDC cites Texas Rules of Civil Procedure 86, 87, and 88 as a basis for the transfer of cases. The court does not believe these rules are applicable, as they pertain to transfer of an action to another county, which is not an issue in play. The transfer here does not relate to a transfer to a different county.

**Memorandum Opinion and Order – Page 6**

"enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

Further, the court has pored over the record, and there is nothing to even intimate that the forum selection clause is "unreasonable under the circumstances." *See id*. at 10. All indications are that the contracts and proposals were arms-length transactions that the parties negotiated and fully understood. For all of these reasons, the forum selection clause must be enforced.

## III.   Irrelevant Matters

The parties raised arguments that the court did not deem relevant to its ruling. Such arguments were not addressed by the court in this ruling because they did not aid or assist the court in deciding the merits of the motion. The court initially considered the arguments but omitted them once it determined that inclusion was unnecessary.

## IV.   Attorney's Fees

Plaintiff seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal,

"irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Neither side cited *Hellenic* in its submissions to the court. After much research the court was able to find this case, as all the cases supporting the theory applied by the court seemed to be only in the context of arbitration. For that reason, the court mused whether direct-benefit estoppel was relevant to this case. Given the dearth of existing authority, the court concludes that removal by Mr. Peake, although thoroughly misguided, was not objectively unreasonable. Accordingly, the court **denies** Plaintiff's request for attorney's fees.

## V.    Conclusion

For the reasons herein stated, the forum selection clause is valid and must be enforced. The parties agreed to try this case in a Texas state district court in Dallas County, Texas. Accordingly, the court **grants** Plaintiff's Motion to Remand (Doc. 6) and **remands** this action to the County Court at Law No. 3, Dallas County, Texas. The court **directs** the clerk of court to effect this remand in accordance with the usual procedure. As the court remands this action, it **declines** to rule on Defendants' Motion to Dismiss (Doc. 10).

**It is so ordered** this 31st day of March, 2021.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 8**